UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIDGETT AMADECK, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CAPITAL ONE FINANCIAL CORPORATION, *et al.*,<br><br>　　　　Defendants. | Case No. C12-0244RSL<br><br>ORDER GRANTING MOTION TO STAY |

This matter comes before the Court on "Defendants' Motion to Stay Proceedings." Dkt. # 30. Having reviewed the submissions of the parties, the Court finds as follows:

This case is one of thirty three cases challenging defendants' use of automated dialing and announcing devices for purposes of commercial solicitation that defendants seek to have consolidated by the Judicial Panel on Multidistrict Litigation ("JPML").[1] Three of the pending actions are brought on behalf of classes, and plaintiffs in this matter are actively pursuing discovery, including a Rule 30(b)(6) deposition of Capital One's representative. Defendants filed their motion for consolidation with the JPML on October 3, 2012, anticipate that the motion will be heard by the end of the month, and expect that the venue issues will be resolved within four months.

---

[1] There are eight additional actions that would potentially qualify as "tag-along actions" under the rules of the JPML. Capital One did not request their consolidation, however, on the grounds that they "have been settled or have advanced litigation postures." Decl. of Eileen M. Hunter (Dkt. # 31), Ex. A, Memorandum at 2 n. 2.

ORDER GRANTING MOTION TO STAY - 1

Defendants seek a stay of the above-captioned litigation until the JPML determines whether these matters should be consolidated and where they will be heard.  As part of its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," this Court has the power to stay litigation pending resolution of a related proceeding.  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court."  Leyva v. Certified Grocers of Calif., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979).  A stay will not be ordered, however, unless the moving party shows that it will provide some advantage in terms of efficiency or fairness.  See Clinton v. Jones, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need.").

Many of the legal and factual issues raised in plaintiffs' complaint mirror those asserted in other actions filed around the country.  In fact, plaintiffs recognize the overlap and are informally coordinating discovery and case management efforts with other claimants.  Defendants also realized that consolidated handling of the cases challenging their telephone marketing practices would be beneficial as the number of those cases increased over time and have now sought a formal consolidation through the JPML.  Most of the actions defendants seek to have consolidated have been pending ten months or less, and defendants hope to put all of these cases on a consolidated discovery track.

The efficiencies obtained by coordinating discovery and pretrial practices across a number of separate cases cannot be doubted:  witnesses need appear and issues need be considered only once.  Because of the similarity between the claims, the chances that the JPML will consolidate at least some of these actions is significant.  The Court finds that a brief stay of discovery to allow the JPML to consider the motion for transfer and consolidation will promote the efficient resolution of this and related matters.  There is no indication that the stay will prejudice the named plaintiffs or the class they seek to represent, including Ms. Alarcon.

ORDER GRANTING MOTION TO STAY - 2

1  For all of the foregoing reasons, defendants' motion for a stay (Dkt. # 30) is
2 GRANTED.  The above-captioned matter is hereby STAYED in its entirety pending resolution
3 of defendants' motion for consolidation before the JPML.  The Court declines to decide
4 "Plaintiff's Motion to Modify the Scheduling Order and for Leave to Amend Complaint" (Dkt.
5 # 34) without prejudice to plaintiffs' ability to refile the motion if and when the JPML denies the
6 motion for consolidation or transfers all matters to this Court.

Dated this 9th day of November, 2012.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO STAY - 3